**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

IN THE UNITED STATES DISTRICT COURT

SEP 2 5 2012

FOR THE DISTRICT OF NEW MEXICO

MATTHEW J. DYKMAN
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 12-2377 |
| | ) | |
| vs. | ) | Count 1: Conspiracy (18 U.S.C. § 371); |
| | ) | |
| BRUCE SANCHEZ and | ) | Counts 2 through 11: Embezzlement |
| THOMAS KEESING, | ) | from an Indian Tribal Organization (18 |
| | ) | U.S.C. §§ 1163 and 2); |
| Defendants. | ) | |
| | ) | Counts 12 through 14: Tax Evasion (26 |
| | ) | U.S.C. § 7201); |
| | ) | |
| | ) | Count 15: Willful Failure to File Tax |
| | ) | Return (26 U.S.C. § 7203). |
| | ) | |

INDICTMENT

THE GRAND JURY CHARGES:

INTRODUCTION

1.     The INDIAN PUEBLO FEDERAL DEVELOPMENT CORPORATION

(hereinafter "IPFDC") was, at all times relevant to this Indictment, an Indian tribal organization

organized under the laws of the United States relating to Indian affairs.

2.     The IPFDC was formed by the 19 Pueblos of New Mexico for the purpose of

developing approximately 46 acres of land from the site of what had once been the Albuquerque

Indian School.  The Secretary of the Interior approved the charter of the IPFDC in 1993, which

provided in relevant part that each of the 19 Pueblos was a member of the IPFDC, and that the

IPFDC was to represent the 19 Pueblos in the development of the Albuquerque Indian School

site.

3.      The defendant **BRUCE SANCHEZ** joined the IPFDC's board of directors in 1993. He served as chairman of the IPFDC board of directors from 1998 until approximately 2003. In or about 2003, the defendant **BRUCE SANCHEZ** became president and chief executive officer of the IPFDC, and remained in that position until July 2010. At all times relevant to this Indictment, the defendant **BRUCE SANCHEZ** also maintained a consulting business by the name of TSACHU, LLC, of which he was the sole owner.

4.      Under the direction of the defendant **BRUCE SANCHEZ**, the IPFDC created two corporate subsidiaries, known as IPFDC 1, LLC, and IPFDC 2, LLC, for the purpose of designing and constructing two buildings on the Albuquerque Indian School property. IPFDC owned 51 percent of each of these corporate subsidiaries; the remaining 49 percent of each was owned by a partnership comprised of two private investment firms. Each of the two corporate subsidiaries designed and constructed an office building on the Albuquerque Indian School property. The Bureau of Indian Affairs of the United States Department of the Interior entered into twenty year lease agreements to occupy each of the two office buildings. The first office building ("BIA 1") was constructed in 2003 and early 2004; the Bureau of Indian Affairs began occupying BIA 1 as a tenant in or about February 2004. The second office building ("BIA 2") was constructed in 2005 and early 2006; the Bureau of Indian Affairs began occupying BIA 2 as a tenant in or about February 2006.

5.      The defendant **THOMAS KEESING** was, at all times relevant to this Indictment, a commercial real estate broker and the owner of New Mexico Real Estate, Inc. ("NMREI"). The defendant **THOMAS KEESING** worked as a consultant for IPFDC in and about 2002 and 2003,

2

performing such tasks as obtaining a Central Business District designation for the Albuquerque Indian School property, and assisting in the negotiation of a Development Agreement with the City of Albuquerque. Once construction began on BIA 1 and BIA 2, the role of the defendant **THOMAS KEESING** in their development was complete. After the commencement of construction on BIA 1 and BIA 2, the defendant **THOMAS KEESING** sought additional tenants for the Albuquerque Indian School property on behalf of IPFDC, without success.

<u>Count 1</u>

6.      Paragraphs 1 through 5, above, are hereby incorporated by reference as if fully set forth herein.

7.      In or about and between the years 2003 and 2009, both dates being approximate and inclusive, in the District of New Mexico and elsewhere, the defendants **BRUCE SANCHEZ** and **THOMAS KEESING**, with others known and unknown to the Grand Jury, did knowingly and unlawfully combine, conspire, confederate and agree together and with each other to commit certain offenses against the United States, namely, embezzlement and conversion of moneys, funds and credits belonging to an Indian tribal organization in violation of Title 18, United States Code, Section 1163, as further set out below.

<u>Manner and Means</u>

8.      It was a part of the conspiracy that the defendants **BRUCE SANCHEZ** and **THOMAS KEESING**, and others known and unknown to the Grand Jury, would by deceit, craft, trickery and dishonest means seek to profit from the development of the Albuquerque Indian School property.

9.      It was a further part of the conspiracy that the defendant **THOMAS KEESING**

3

would submit false and fraudulently inflated invoices and requests for payment from NMREI to IPFDC.

10.     It was a further part of the conspiracy that the defendant **BRUCE SANCHEZ** would, in his capacity as an official of the IPFDC, cause false and fraudulently inflated NMREI invoices to be approved for payment.

11.     It was a further part of the conspiracy that the defendant **BRUCE SANCHEZ**, in his capacity as an official of the IPFDC, would cause payments to be made to NMREI, knowing that the amounts of such payments were vastly in excess of the value of any services provided.

12.     It was a further part of the conspiracy that the defendant **THOMAS KEESING** would share the proceeds of the fraudulently obtained IPFDC payments with the defendant **BRUCE SANCHEZ** by causing checks drawn upon NMREI bank accounts  to be issued, payable to the defendant **BRUCE SANCHEZ** and to his wholly-owned consulting company, TSACHU, LLC.

13.     Between 2003 and 2008, both dates being approximate and inclusive, NMREI would receive payments from IPFDC and its corporate subsidiaries in the total approximate amount of $3,775,000.00.

14.     Of the total payments to NMREI identified in Paragraph 13, above, at least $3,600,000.00 would be fraudulently obtained.

15.     Between 2003 and 2008, both dates being approximate and inclusive, the defendant **BRUCE SANCHEZ** would receive payments from the defendant **THOMAS KEESING** and NMREI in the  total approximate amount of $1,722,823.04.

16.     It was a further part of the conspiracy that the defendants **BRUCE SANCHEZ**

4

and **THOMAS KEESING**, and others known and unknown to the Grand Jury, would attempt to keep secret the existence of the conspiracy.

17.     In furtherance of the conspiracy, and to effect the objects thereof, in the District of New Mexico, the defendants committed, among other overt acts, the following

OVERT ACTS

18.     On or about June 13, 2003, the defendant **BRUCE SANCHEZ** approved a payment to NMREI in the amount of $175,000.00 for "Legal Fee/Brokerage Fee."

19.     On or about August 27, 2003, the defendant **THOMAS KEESING** caused NMREI to issue a check payable to the defendant **BRUCE SANCHEZ** in the amount of $10,000.00.

20.     On or about October 18, 2003, the defendant **THOMAS KEESING** caused NMREI to issue a check payable to the defendant **BRUCE SANCHEZ** in the amount of $60,000.00.

21.     On a date unknown to the Grand Jury, the defendants **BRUCE SANCHEZ** and **THOMAS KEESING** both signed a document dated January 15, 2004, titled "Commercial Brokerage and Developmental Compensation Agreement," purporting to appoint NMREI as IPFDC's representative in negotiations with the City of Albuquerque and State of New Mexico, as a marketing and leasing agent for IPFDC, and as a liaison between IPFDC and tenants on the Albuquerque Indian School site.  The document also purported to provide for NMREI to be compensated in the amount of 5.0 percent of the construction cost of each of the buildings constructed on the Albuquerque Indian School site.

22.     On or about January 19, 2004, the defendant **THOMAS KEESING** caused to be

5

prepared a document titled "Statement for Professional Services," requesting payment in the

amount of $30,000.00 for "brokerage, developmental and governmental relations services"

allegedly provided in connection with BIA 2, more specifically described as:

> [L]ease negotiations with BIA and GSA; governmental relations
> with the City of Albuquerque; procurement of the extension of the
> Albuquerque CENTRAL BUSINESS DISTRICT to include the
> IPFDC site with the Mayor of Albuquerque; negotiations with the
> City of Albuquerque on the joint agreement on land use, utility
> extensions and permitting; coordination of the bidding process on
> GSA and DOI offerings; procurement and coordination of the Joint
> Venture Partner ...; assistance with on-site inspections during the
> construction stage; coordination of utility and on and off site
> infrastructure and development; and procurement of the BIA lease.

23.     On a date unknown to the Grand Jury but no later than February 19, 2004, the

defendant **THOMAS KEESING** caused to be prepared a document titled "Statement for

Professional Services," requesting payment in the amount of $12,000.00 for "brokerage,

developmental and governmental relations services" allegedly provided in connection with BIA

1, and repeating verbatim the specific description of services rendered as set out in Paragraph 22,

above.

24.     On or about February 19, 2004, the defendant **BRUCE SANCHEZ** caused

IPFDC to issue a check payable to NMREI in the amount of $12,000.00.

25.     On or about February 20, 2004, the defendant **THOMAS KEESING** caused

NMREI to issue a check payable to the defendant **BRUCE SANCHEZ** in the amount of

$12,000.00.

26.     Between January 19, 2004, and January 18, 2008, both dates being approximate

and inclusive, the defendant **THOMAS KEESING** prepared and caused to be prepared

approximately 82 "Statements for Professional Services" for "brokerage, developmental and governmental relations services" allegedly provided in connection with the development of BIA 1 and BIA 2, repeating verbatim the specific description of services allegedly rendered as set out in Paragraph 22, above, and requesting payments in the total approximate amount of $3,260,000.00.

27.     Between April 27, 2005, and August 14, 2008, both dates being approximate and inclusive, the defendant **THOMAS KEESING** further prepared and caused to be prepared approximately eighteen "Statements for Professional Services" allegedly relating to water rights, marketing, and attempting to obtain a state governmental entity as a tenant on the Albuquerque Indian School site, requesting payments from IPFDC in the total approximate amount of $385,000.00.

28.     On or about November 5, 2008, the defendant **BRUCE SANCHEZ** caused IPFDC to issue a check payable to NMREI in the amount of $25,000.00.

29.     Also on or about November 5, 2008, the defendant **THOMAS KEESING** caused NMREI to issue a check payable to the defendant **BRUCE SANCHEZ** in the amount of $15,000.00.

30.     Between February 19, 2004, and November 5, 2008, both dates being approximate and inclusive, the defendant **BRUCE SANCHEZ** authorized payment to NMREI upon almost all of the "Statements for Professional Services" described in Paragraphs 26 and 27, above.

31.     Between February 19, 2004, and November 5, 2008, both dates being approximate and inclusive, the defendant **BRUCE SANCHEZ** authorized approximately 96 payments to NMREI, varying in amount between $4,000.00 and $200,000.00.  The total amount of payments

to NMREI authorized by the defendant **BRUCE SANCHEZ** during this period was approximately $3,600,000.00.

32.     Between February 19, 2004, and November 5, 2008, both dates being approximate and inclusive, the defendant **THOMAS KEESING** caused NMREI to issue approximately 22 checks payable to the defendant **BRUCE SANCHEZ** in the approximate total amount of $134,000.00.

33.     Between January 19, 2005, and November 5, 2008, both dates being approximate and inclusive, the defendant **THOMAS KEESING** caused NMREI to issue approximately 88 checks payable to TSACHU, LLC, the consulting company wholly owned by the defendant **BRUCE SANCHEZ,** in the approximate total amount of $1,518,823.04.

34.     Between February 19, 2004, and November 7, 2008, both dates being approximate and inclusive, the defendant **BRUCE SANCHEZ** deposited and caused to be deposited all 110 checks described in Paragraphs 32 and 33, above, such deposits totaling approximately $1,652,823.04.

All in violation of Title 18, United States Code, Section 371.

<u>Counts 2-11</u>

35.     Paragraphs 1 through 5, and 7 through 34, above, are hereby incorporated by reference as if fully set forth herein.

36.     In or about and between the years 2003 and 2008, both dates being approximate and inclusive, the defendants **BRUCE SANCHEZ** and **THOMAS KEESING** embezzled moneys, funds and credits from the IPFDC, an Indian tribal organization, and willfully and knowingly converted such moneys, funds and credits to their own use, by causing checks, drawn

8

upon IPFDC bank accounts, to be written payable to the order of NMREI, and by causing such checks to be deposited into NMREI bank accounts.

37.     On or about the dates listed below, in the District of New Mexico, the defendants **BRUCE SANCHEZ** and **THOMAS KEESING** did embezzle, and willfully and knowingly convert to their own use, moneys, funds and credits belonging to the IPFDC , in the following amounts exceeding the sum of $1,000.00.

| Count | Date | Amount |
|---|---|---|
| 2 | 11/21/2007 | $80,000.00 |
| 3 | 12/12/2007 | $35,000.00 |
| 4 | 01/18/2008 | $20,000.00 |
| 5 | 01/31/2008 | $15,000.00 |
| 6 | 02/21/2008 | $30,000.00 |
| 7 | 03/14/2008 | $10,000.00 |
| 8 | 03/27/2008 | $15,000.00 |
| 9 | 05/21/2008 | $5,000.00 |
| 10 | 06/24/2008 | $10,000.00 |
| 11 | 11/05/2008 | $25,000.00 |

In violation of Title 18, United States Code, Sections 1163 and 2.

Count 12

38.     Paragraphs 1 through 5, 7 through 34, and 36 and 37, above, are hereby incorporated by reference as if fully set forth herein.

39.     On or about March 5, 2007, in the District of New Mexico and elsewhere, the defendant **BRUCE SANCHEZ** did willfully attempt to evade and defeat a large part of the

income tax due and owing by him to the United States of America for the calendar year 2005, by

filing and causing to be filed with the Internal Revenue Service a false and fraudulent U.S.

Individual Income Tax Return, Form 1040. In that false return, the defendant **BRUCE**

**SANCHEZ** stated that his taxable income for the calendar year 2005 was the sum of $25,997.00,

and that the amount of tax due and owing thereon was the sum of $10,776.00. In fact, as he then

and there knew, his taxable income for the calendar year was substantially in excess of the

reported amount, by an amount of at least $391,551.00, upon which additional taxable income

there was owing to the United States of America an additional income tax of $138,843.00.

In violation of Title 26, United States Code, Section 7201.

## Count 13

40.     Paragraphs 1 through 5, 7 through 34, and 36 and 37, above, are hereby

incorporated by reference as if fully set forth herein.

41.     On or about October 29, 2007, in the District of New Mexico and elsewhere, the

defendant **BRUCE SANCHEZ** did willfully attempt to evade and defeat a large part of the

income tax due and owing by him to the United States of America for the calendar year 2006, by

filing and causing to be filed with the Internal Revenue Service a false and fraudulent U.S.

Individual Income Tax Return, Form 1040. In that false return, the defendant **BRUCE**

**SANCHEZ** stated that his taxable income for the calendar year 2006 was the sum of

$150,411.00, and that the amount of tax due and owing thereon was the sum of $52,899.00. In

fact, as he then and there knew, his taxable income for the calendar year was substantially in

excess of the reported amount, by an amount of at least $753,078.00, upon which additional

taxable income there was owing to the United States of America an additional income tax of

10

$332,837.00.

In violation of Title 26, United States Code, Section 7201.

### Count 14

42.     Paragraphs 1 through 5, 7 through 34, and 36 and 37, above, are hereby incorporated by reference as if fully set forth herein.

43.     On or about October 17, 2008, in the District of New Mexico and elsewhere, the defendant **BRUCE SANCHEZ** did willfully attempt to evade and defeat a large part of the income tax due and owing by him to the United States of America for the calendar year 2007, by filing and causing to be filed with the Internal Revenue Service a false and fraudulent U.S. Individual Income Tax Return, Form 1040. In that false return, the defendant **BRUCE SANCHEZ** stated that his taxable income for the calendar year 2007 was the sum of $102,655.00, and that the amount of tax due and owing thereon was the sum of $39,160.00.  In fact, as he then and there knew, his taxable income for the calendar year was substantially in excess of the reported amount, by an amount of at least $294,643.00, upon which additional taxable income there was owing to the United States of America an additional income tax of $103,034.00.

In violation of Title 26, United States Code, Section 7201.

### Count 15

44.     During the calendar year 2008, the defendant **BRUCE SANCHEZ**, a resident of the District of New Mexico, had and received gross income of $310,554.00.  By reason of such gross income, he was required by law, following the close of the calendar year 2008 and on or before October 15, 2009, to make an income tax return to the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was

11

entitled.  Well knowing and believing all of the foregoing, he did willfully fail, on or about

October 15, 2009, in the District of New Mexico and elsewhere, to make an income tax return.

      In violation of Title 26, United States Code, Section 7203.


                           A TRUE BILL:


                                _____/s/_____
                                FOREPERSON OF THE GRAND JURY


_____
Assistant United States Attorney
09/25/12  12:43pm