UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

    v.                                          Criminal No. 12-2377 MCA

**BRUCE SANCHEZ and
THOMAS KEESING**,

    Defendants.

## **ORDER**

**THIS MATTER** is before the Court on *Defendant Keesing's Motion for Certain Supplemental Jury Selection Procedures* [Doc. 196] and *Defendant Keesing's Motion for Supplemental Jury Questionnaire* [Doc. 197]. Defendant Bruce Sanchez has joined the motions. [Doc. 198] Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will deny the motions.

*Defendant Keesing's Motion for Supplemental Jury Questionnaire* [Doc. 197] will be denied as untimely. Ordinarily, it takes approximately eight to twelve weeks to process a request for a supplemental jury questionnaire. An eight to twelve week time frame enables the Court to resolve any disputes regarding the questions posed in the supplemental jury questionnaire and the Clerk's Office staff sufficient time to copy, mail out, collect, and sort the supplemental questionnaires in advance of trial. In the present case, jury selection and trial is scheduled to begin on February 11, 2015. [Doc. 185]

Given the imminence of trial, there is not enough time to submit a supplemental jury questionnaire to the jury pool.

In *Defendant Keesing's Motion for Certain Supplemental Jury Selection Procedures* [Doc. 196] Defendant Keesing requests, in relevant part: (1) a supplemental jury questionnaire; (2) individual voir dire on "sensitive issues"; (3) group voir dire of "less sensitive issues" in groups of eight prospective jurors at a time; and (4) additional peremptory challenges "[i]n view of the racial differences between Defendants." [Doc. 196 at 1-2] It is well established that "[t]he scope and extent of voir dire is left to the sound discretion of the district court," Smith v. Vicorp, Inc., 107 F.3d 816, 817 (10th Cir. 1997), and that "a searching inquiry" is "not constitutionally required," Moore v. Gibson, 195 F.3d 1152, 1170 (10th Cir. 1999). Defendant Keesing has failed to demonstrate that the Court's ordinary voir dire procedures are inadequate to protect Defendants' right to a fair and impartial jury. Therefore, the request for supplemental jury selection procedures will be denied.

**IT IS THEREFORE ORDERED** that *Defendant Keesing's Motion for Supplemental Jury Questionnaire* [Doc. 197] is **DENIED**;

**IT IS FURTHER ORDERED** that *Defendant Keesing's Motion for Certain Supplemental Jury Selection Procedures* [Doc. 196] is **DENIED**.

**SO ORDERED** this 12th day of January, 2015, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge