UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                              Criminal No. 12-2377 MCA

BRUCE SANCHEZ and
THOMAS KEESING,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Joint Motion to Order Deposition of B. Reid Haltom*. [Doc. 195] Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will deny the motion.

**I.**     **BACKGROUND**

On September 25, 2012, the Grand Jury returned an *Indictment* against Defendants Bruce Sanchez and Thomas Keesing, charging them as follows: (1) Count 1 charges both Defendants with "conspiracy to commit certain offenses against the United States, namely, embezzlement and conversion of moneys, funds and credits belonging to an Indian tribal organization in violation of Title 18, United States Code, Section 1163" [Doc. 2 at 3]; (2) Counts 2 through 11 charge both Defendants with embezzlement of

1

"money, funds and credits from [the Indian Pueblo Federal Development Corporation ("IPFDC")], an Indian tribal organization" in an amount exceeding $1,000.00 in violation of Title 18, United States Code, Sections 1163 and 2 [Doc. 2 at 8-9]; (3) Counts 12 through 14 charge Defendant Sanchez with income tax evasion in violation of Title 26, United States Code, Section 7201; and (4) Count 15 charges Defendant Sanchez with willful failure to file a tax return in violation Title 26, United States Code, Section 7203. [Doc. 2]

On December 30, 2014, Defendants filed *Defendants' Joint Motion to Order Deposition of B. Reid Haltom*. [Doc. 195] B. Reid Haltom "is an attorney who represented [IPFDC] at material times during the development of the Albuquerque Indian School ("AIS") site that is the context for the charges in the Indictment in this cause." [Doc. 195 at 1] Defendants move, pursuant to Fed. R. Crim. Proc. 15(a)(1), for an "Order that B. Reid Haltom be deposed in order to preserve his testimony for trial." [Doc. 195 at 1] In support of their motion, Defendants represent to the Court, based on information and belief, that Mr. Haltom "was involved in drafting many of the agreements that will be at issue in this case" and "was involved in many meetings, with not only IPFDC officers but third parties," including Defendant Keesing. [Doc. 195 at 4] Defendants contacted Mr. Haltom to schedule an interview, but he declined to meet or speak with Defendants without: (1) the presence of the case agent or the prior written approval of the case agent to meet without her presence and (2) a written waiver of attorney-client privilege from the current attorney for IPFDC. [Doc. 195 at 2; Doc. 195-1, Ex. A]

The Government responds that Defendants' motion should be denied because Defendants have "failed utterly to demonstrate that exceptional circumstances necessitate the preservation of Mr. Haltom's testimony through a deposition." [Doc. 205 at 2] The Government points out that Defendants have made "no showing that Mr. Haltom's testimony would be material to any element of the offenses charged" or that Mr. Haltom would be unavailable to testify at the trial. [Doc. 205 at 3] The Government contends that there was nothing improper about Mr. Haltom conditioning his interview with Defendants on the fulfillment of certain conditions. [Doc. 205 at 4] Indeed, the Government asserts that "Mr. Haltom, an attorney, had an ethical duty to condition his interview upon defense counsel's obtaining a waiver of attorney-client privilege from his former client, IPFDC." [Doc. 205 at 4] Lastly, "although it has no bearing on the merits of Defendants' motion," the Government informs the Court that it has "made early disclosure of Jencks Act material in this case after the Defendants filed the present motion," including "a six-page report of interview of Mr. Haltom, and a 150 page transcript of a deposition that Mr. Haltom gave in civil litigation arising from IPFDC's development of a different portion of the AIS site." [Doc. 205 at 9]

**II.    DISCUSSION**

Fed. R. Crim. Proc. 15(a)(1) provides, in relevant part, as follows: "A party may move that a prospective witness be deposed in order to preserve testimony for trial. The court may grant the motion because of exceptional circumstances and in the interest of justice." "The advisory and legislative committee notes make clear that Rule 15 does not authorize a party to take discovery depositions of the adversary party witnesses." United

3

States v. Carrigan, 804 F.2d 599, 602 (10th Cir. 1986) (citing Fed. R. Crim. Proc. 15, Notes of the Advisory0 Committee on 1974 Amendment; Notes of Committee on the Judiciary, H.R.Rep. No. 94-247, U.S. Code Cong & Admin. News 1975, p. 674, 1975 Amendment).  Our Circuit has confirmed this construction, holding that Rule 15 does not permit the "use of depositions of adverse witnesses as discovery tools in criminal cases." Id.

The movant bears the burden of proving that "exceptional circumstances" exist, United States v. Ruiz-Castro, 92 F.3d 1519, 1533 (10th Cir. 1996), overruled on other grounds by United States v. Flowers, 464 F.3d 1127, 1130 n.1 (10th Cir. 2006), and the decision to authorize a deposition under Rule 15(a) is subject to a trial court's exercise of discretion, United States v. Fuentes-Galindo, 929 F.2d 1507, 1509 (10th Cir. 1991).  To determine whether "exceptional circumstances" exist, the trial court should consider whether: "(1) the witness' testimony was material; (2) the witness would be unavailable to testify; and (3) taking the deposition was necessary to prevent a failure of justice." Fuentes-Galindo, 929 F.2d at 1509.

Defendants have failed to demonstrate to the Court that Mr. Haltom's testimony is material to the crimes charged in the *Indictment*.  Defendants' allege, upon information and belief, that B. Reid Haltom has information regarding Defendants' involvement with IPFDC and AIS, but they fail to explain what this information is or how it is material to the crimes charged.  Indeed, it is apparent on the face of the motion that Defendants do not know the extent of the information allegedly possessed by Mr. Haltom and that they wish to depose Mr. Haltom in order to acquire discovery prior to trial.  However, as

4

previously explained, Rule 15 simply does not permit "use of depositions of adverse witnesses as discovery tools in criminal cases." Carrigan, 804 F.2d at 602.

Second, Defendants have failed to demonstrate that Mr. Haltom will be unavailable to testify at trial. See Fed. R. Evid. 804(a) (defining when a declarant is "unavailable as a witness"). Although Defendants indicate that "Mr. Haltom had suffered a heart attack within the last couple of years," they have not alleged, much less shown to the Court, that Mr. Haltom is too ill to testify at trial. See Fuentes-Galindo, 929 F.2d at 1510 (holding that "there must be some showing upon the record that the witness' attendance could not be obtained by subpoena"); see also Ruiz-Castro, 92 F.3d at 1533 (holding that the defendant had "failed to meet his burden of proving exceptional circumstances existed justifying the taking of deposition as required by Fed. R. Crim. P. 15(a)" because "[a]lthough [his] parents' alibi testimony likely can be considered material, the government points out that [the defendant] made no showing that his parents were unable to attend his trial").

Lastly, Defendants have failed to establish that a deposition of Mr. Haltom must be ordered to prevent a failure of justice. Our Circuit has recognized "the principle that witnesses in a criminal prosecution belong to no one" and that witnesses have a "right to refuse to be interviewed." Carrington, 804 F.2d at 603. In the present case, however, Mr. Haltom has not refused to be interviewed by Defendants. Rather, the record reflects that Mr. Haltom has agreed to speak to Defendants, provided that: (1) the case agent was present or Defendants procured the prior written approval of the case agent to meet without her presence and (2) a written waiver of attorney-client privilege from the current

5

attorney for IPFDC. [Doc. 195 at 2; Doc. 195-1, Ex. A] Defendants do not suggest that Mr. Haltom's conditions are the product of Government interference or misbehavior. [Doc. 195 at 5] C.f. id. at 604 (holding that the trial court has the inherent jurisdiction to order depositions "as a sanction for the government's interference with a defendant's access to a potential prosecution witness").

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Defendants have failed to fulfill their burden to establish "exceptional circumstances" justify taking Mr. Haltom's deposition under Rule 15(a)(1).

**IT IS THEREFORE ORDERED** that *Defendants' Joint Motion to Order Deposition of B. Reid Haltom* [Doc. 195] is **DENIED**.

**SO ORDERED** this 15th day of January, 2015, in Albuquerque, New Mexico.

                                                                              _____
                                                                              **M. CHRISTINA ARMIJO**
                                                                              Chief United States District Judge