IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              Crim. No. 12-2377 MCA
                                                      consolidated with
                                                      Crim. No. 13-2727 MCA

BRUCE SANCHEZ, and
THOMAS KEESING,

        Defendants.


**ORDER DENYING SEVERANCE**

       This case is before the Court upon Defendant Bruce Sanchez's *Motion to Sever Counts*. [Doc. 54] The Court has considered the *Motion*, the United States' *Response* [Doc. 71], Defendant Keesing's memorandum in support of Defendant Sanchez's *Motion* [Doc. 59], the record in these two consolidated cases, and the applicable law, and is otherwise fully advised.  The Motion will be denied.

       By previous Order [No. 12-2377, Doc. 122; No. 13-2797, Doc. 18], the Court has determined that the conspiracy and embezzlement counts are properly joined with the tax counts pursuant to Fed. Crim. P. Rule 8(b).  Nothing in the papers filed by the parties persuades the Court that its prior rulings allowing joinder of the tax charges with the

1

conspiracy and embezzlement charges and consolidating the cases were incorrect. Therefore, the Court will analyze the present *Motion* solely under Fed. Crim. P. Rule 14, which provides for relief from prejudicial joiner: "Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government." *Zafiro v. United States*, 506 U.S. 534, 538 (1993).

Defendant seeks a severance of Counts 12, 13, 14, and 15, which comprise three felony counts of tax evasion (26 U.S.C. § 7201) and one misdemeanor count of failure to file a tax return (26 U.S.C. § 7203). To obtain a severance pursuant to Rule 14, Defendant must show (1) actual prejudice to his defense and (2) that this prejudice outweighs the expense and inconvenience of separate trials. *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009). Neither an "allegation that defendant would have a better chance of acquittal in a separate trial" or a complaint that the defendant will be subject to a "spillover effect" will warrant a severance. *United States v. Powell*, 982 F.2d 1422; 1432 (10th Cir. 1992); *accord United States v. Warner*, 498 F.3d 666, 700 (7th Cir. 2007).

Even if the conspiracy and embezzlement counts were severed for separate trial, evidence of Defendant's tax evasion and failure to file would be admissible as intrinsic evidence of acts of concealment in furtherance of the conspiracy, *see United States v. Singleton*, 458 Fed. Appx. 169, 174 (3d Cir. 2012). To use the Tenth Circuit's formulation, evidence of tax evasion and failure to file is "inextricably intertwined," *United States v. Irving*, 665 F.3d 1154, 1212 (10th Cir. 2011), with the allegations of conspiracy and embezzlement. Alternatively, evidence of tax evasion or failure to file would be admissible pursuant to Fed. Evid. Rule 404(b) as evidence of concealment

2

showing Defendant's guilty state of mind. *See United States v. Duong*, 88 Fed. Appx. 99, 101-02 (10th Cir. 2003) (upholding admission tax returns to show defendant's "knowledge that the money he was receiving came from unlawful activity"); *United States v. Midkiff*, 614 F.3d 431, 440 (8th Cir. 2010) ("If the district court had severed the charges, evidence of Midkiff's fraud crimes would have been probative and admissible at his tax trial, and evidence of his failure to file returns would have been probative and admissible in his fraud trial."); *United States v. Fulwood*, 569 Fed. Appx. 691, 696 (11th Cir. 2014) (upholding admission of evidence of defendant's illegal sources of income in tax evasion prosecution; observing that defendant "may have wished to evade taxes on his income to prevent alerting the Government to the nature of his enterprise"); *United States v. Nickson*, 127 Fed. Appx. 770, 775 (6th Cir. 2005) (upholding admission in money laundering prosecution of evidence that defendant engaged in tax evasion under theory that failure to report income supported inference that unreported income was illegally obtained). Defendant ignores abundant authority recognizing the propriety of joining tax counts with counts alleging offenses that generated unreported income that serves as the basis of the tax counts.

      Defendant argues that he will suffer prejudice because of spillover effect from the "simpler-to-prove tax charges, " [Doc. at 54 at 3] which, Defendant argues, require no showing of scienter. [Doc. 54 at 4] As noted above, mere assertions of a spillover effect are insufficient to justify severance. In any case, Defendant's argument that the tax charges do not require a showing of scienter is entirely without merit, as the United States convincingly demonstrates. [Doc. 71 at 7-9] As the United States correctly points out, the

tax offenses with which Defendant is charged require proof of willfulness, an extremely demanding form of scienter.

The Court is confident that it can protect Defendant from prejudice by, among other measures, issuing limiting instructions and instructing the jury that they must consider the guilt of each Defendant independently as to those charges brought against a Defendant, individually. *Hutchinson*, 573 F.3rd at 1026.

Defendant has failed to demonstrate that a joint trial of all charges will expose him to actual prejudice; nor has Defendant made a showing sufficient to outweigh the expense and inconvenience of separate trials.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendant Bruce Sanchez's *Motion to Sever Counts* [Doc. 54] is **denied**.

So ordered this 16th day of January, 2015.

_____
**M. C**_____
Chief United States District Judge