IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                              Crim. No. 12-2377 MCA
                                              consolidated with
                                              Crim. No. 13-2797 MCA

BRUCE SANCHEZ, and
THOMAS KEESING,

        Defendants.

## ORDER DENYING SEVERANCE

This case is before the Court upon Defendant Thomas Keesing's *Second and Amended Motion to Sever Counts or Alternatively for a Separate Trial*. [Doc. 201] The Court has considered the *Motion*, the United States' *Response*, [Doc. 210] the record in these two consolidated cases, and the applicable law, and is otherwise fully advised. The Motion will be denied.

By previous Order [No. 12-2377, Doc. 122; No. 13-2797, Doc. 18], the Court has determined that the conspiracy and embezzlement counts are properly joined with the tax counts pursuant to Fed. Crim. P. Rule 8(b). Nothing in the papers subsequently filed by the parties persuades the Court that its prior rulings allowing joinder of the tax charges

1

against Defendants with the conspiracy and embezzlement charges and consolidating the cases were incorrect.  Therefore, the Court will analyze the present *Motion* solely under Fed. Crim. P. Rule 14, which provides for relief from prejudicial joiner: "Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government."  *Zafiro v. United States*, 506 U.S. 534, 538 (1993).

Defendant seeks to sever the tax counts brought separately against each Defendant from the conspiracy and embezzlement counts brought jointly against Defendants. To obtain a severance pursuant to Rule 14, Defendant must show (1) actual prejudice to his defense and (2) that this prejudice outweighs the expense and inconvenience of separate trials.  *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009).  Neither an "allegation that defendant would have a better chance of acquittal in a separate trial" or a complaint that the defendant will be subject to a "spillover effect" will  warrant a severance.  *United States v. Powell*, 982 F.2d 1422; 1432  (10th Cir. 1992); *accord United States v. Warner*, 498 F.3d 666, 700  (7th Cir. 2007).

Even if the conspiracy and embezzlement counts were severed for separate trial, evidence of Defendants' tax evasion and failure to file would be admissible as intrinsic evidence of acts of concealment in furtherance of the conspiracy, *see United States v. Singleton*, 458 Fed. Appx. 169, 174  (3d Cir. 2012). To use the Tenth Circuit's formulation, evidence of tax evasion and failure to file is "inextricably intertwined," *United States v. Irving*, 665 F.3d 1154, 1212 (10th Cir. 2011), with the allegations of conspiracy and fraud.  Alternatively,  evidence of tax evasion and failure to file would be admissible pursuant to  Fed. Evid. Rule 404(b) as evidence of  concealment showing each

2

Defendant's guilty state of mind. *See United States v. Duong*, 88 Fed. Appx. 99, 101-02 (10th Cir. 2003) (upholding admission tax returns to show defendant's "knowledge that the money he was receiving came from unlawful activity"); *United States v. Midkiff*, 614 F.3d 431, 440 (8th Cir. 2010) ("If the district court had severed the charges, evidence of Midkiff's fraud crimes would have been probative and admissible at his tax trial, and evidence of his failure to file returns would have been probative and admissible in his fraud trial."); *United States v. Fulwood*, 569 Fed. Appx. 691 , 696 (11th Cir. 2014) (upholding admission of evidence of defendant's illegal sources of income in tax evasion prosecution; observing that defendant "may have wished to evade taxes on his income to prevent alerting the Government to the nature of his enterprise"); *United States v. Nickson*, 127 Fed. Appx. 770, 775 (6th Cir. 2005) (upholding admission in money laundering prosecution of evidence that defendant engaged in tax evasion under theory that failure to report income supported inference that unreported income was illegally obtained). Defendant ignores abundant authority recognizing the propriety of joining tax counts with counts alleging offenses that generated unreported income that serves as the basis of the tax counts. Significantly, Defendant fails to cite any authority holding that the joinder of tax counts with counts charging the offenses that generated unreported income amounts to misjoinder.

    Defendant's arguments that the introduction of evidence of false statements contained in Defendant Sanchez's tax returns would violate his right to confront witnesses against him [Doc. 201 at 10-11] is entirely without merit. *United States v. Vallone*, 698 F.3d 416, 477-78 (7th Cir. 2012) ("To describe what a taxpayer has claimed

3

on a tax return is not to recount a testimonial statement."); *United States v. Miller*, 394 Fed. Appx. 18, 22 (4th Cir. 2010); *United States v. Jing Jing Hojsak*, 395 Fed. Appx. 457, 460 (9th Cir. 2010) (observing that Confrontation Clause does not bar testimonial statements when used for purposes other than to prove the truth of the matters asserted) *United States v. Garth*, 540 F.3d 766, 778 (8th Cir. 2008) (upholding against Confrontation Clause challenge admission of tax returns of non-testifying witnesses), *abrogated on other grounds sub nom United States v. Villareal-Amarillas*, 562 F.3d 892 (8th Cir. 2009); *United States v. Jimenez*, 513 F.3d 62, 81 (3d Cir. 2008) ("Nonhearsay use of evidence as a means of demonstrating a discrepancy does not implicate the Confrontation Clause.").

    The Court is confident that it can protect Defendant from prejudice by, among other measures, issuing limiting instructions and instructing the jury that they must consider the guilt of each Defendant independently as to those charges brought against a Defendant, individually. *Hutchinson*, 573 F.3d at 1026.

    Defendant has failed to demonstrate that a joint trial of all charges will expose him to actual prejudice; nor has Defendant made a showing sufficient to outweigh the expense and inconvenience of separate trials.

**WHEREFORE, IT HEREBY IS ORDERED** that Defendant Thomas Keesing's *Second and Amended Motion to Sever Counts or Alternatively for a Separate Trial*. [Doc. 201] is **denied**.

So ordered this 16th day of January, 2015.

_____
M. ( signature )
Chief United States District Judge